# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                              No. CV 14-0113 WJ/KBM
                                                                                               CR 11-0418 WJ

JERROLD WEXLER,

    Defendant.

## MEMORANDUM OPINION AND ORDER

        This matter is before the Court on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 119) filed on February 6, 2014. Defendant seeks an order crediting his sentence for the time he spent in pretrial custody. The Court will deny the motion.

        As a starting point, the Court's jurisdiction under 28 U.S.C. § 2255 does not permit modification of Defendant's sentence for pretrial detention. Relief under 28 U.S.C. § 2255 is only available on four grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States," (2) "that the court was without jurisdiction to impose such sentence," (3) "that the sentence was in excess of the maximum authorized by law," and (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255. The Supreme Court has indicated that only jurisdictional or constitutional errors are cognizable as a basis for relief under section 2255. *Hill v. United States*, 368 U.S. 424, 428 (1962). The relief available under section 2255 is exactly parallel with the relief previously afforded by writ of habeas corpus, *see id.* at 427-28, and does not include crediting a sentence for time served.

        Even construing the motion as a non-§ 2255 motion, the Court must deny the relief sought for either of two reasons. First, this Court "does not have inherent authority to modify a

previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (citing *United States v. Blackwell*, 81 F.3d 945, 947-48, 949 (10th Cir. 1996)); 18 U.S.C. § 3582.  No such statutory authority is presented in Defendant's motion.

Second, even if the Court were to grant credit for prior custody against the term of imprisonment, Defendant's post-conviction custodian--the Attorney General or Bureau of Prisons ("BOP")--would not be bound by the calculation.  The Attorney General, through the BOP, has the responsibility of administering a federal sentence, including computation of credit for pretrial incarceration.  *See United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) ("only the Attorney General through the Bureau of Prisons has the power to grant sentence credit") (citing *United States v. Wilson*, 503 U.S. 329, 333, 337 (1992).  The district court in the district where Defendant is confined has jurisdiction under 28 U.S.C. § 2241 to review the computation of his sentence, after exhaustion of the BOP's administrative remedies.  *See Wilson*, 503 U.S. at 335-36; *Bennett v. United States Parole Comm'n*, 83 F.3d 324, 328 (10th Cir. 1996).  Because the Court has no authority to modify Defendant's sentence and the requested credit cannot be effectively granted, the motion will be denied.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 119) filed on February 6, 2014, seeking credit against his sentence for pretrial custody, is DENIED.

_____
UNITED STATES DISTRICT JUDGE